1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RAYMOND USHER, et al.,

11              Plaintiffs,                          CIV. NO. S-10-2202 MCE GGH PS

12         vs.

13   CHASE HOME FINANCE LLC, et al.,

14              Defendants.                          FINDINGS AND RECOMMENDATIONS
     _____/

15

16              Plaintiffs are proceeding pro se in this action, referred to the undersigned pursuant

17   to Local Rule 302(c)(21).  Previously pending on this court's law and motion calendar for

18   September 30, 2010 was a motion to dismiss, filed August 23, 2010 by defendants Chase Home

19   Finance LLC and Federal National Mortgage Association.[1]  Plaintiffs filed an opposition and

20   represented themselves at the hearing.  Defendants appeared telephonically by counsel

21   Christopher Yoo.  Having heard oral argument and reviewed the papers in support of the motion,

22   the undersigned now issues the following order and findings and recommendations.

23   BACKGROUND

24              This foreclosure action was removed from state court to this court on August 16,

25   _____
          [1]  Defendant Northwest Trustee Services, Inc. ("Northwest") has not filed a responsive
26   pleading and it is not clear whether this defendant was served.

                                              1

2010, by defendants Chase Home Finance LLC ("Chase") and Federal National Mortgage Association ("Fannie Mae").  The complaint alleges claims for violations of TILA (15 U.S.C. § 1611), FDCPA (15 U.S.C. § 1692), California's Rosenthal Act (Cal. Civ. Code §§ 1788 *et seq.*), holder in due course (Cal. Comm. Code § 3302), fraud, breach of the covenant of good faith and fair dealing, and injunctive and declaratory relief.  Defendants move to dismiss for failure to state a claim in regard to all claims, for failure to specifically plead fraud, and that the entire amended complaint is uncertain, requiring plaintiffs to provide a more definite statement under Fed. R. Civ. P. 12(e).

MOTION TO DISMISS

    I.  Legal Standard for Motion to Dismiss

       In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

       In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

that general allegations embrace those specific facts that are necessary to support the claim.'"

National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

(1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint.

Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an

opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II.  Truth in Lending Act

Plaintiffs' TILA claim seeks damages from defendants on the ground that

defendant Chase "did not disclose and or concealed the vital fact that [Chase] was not making

Plaintiffs a loan, but used 'check kiting'" in violation of the law.  (Compl., ¶ 16.)  The alleged

violations pertain to plaintiffs' mortgage for which the loan agreement was entered into on or

about May 15, 2007.[2]  (Id. at ¶ 5.)

As correctly argued by defendants, it is evident that plaintiffs' TILA claim is

barred by TILA's one year statute of limitations for damages claims.  15 U.S.C. § 1640(e).  Here,

plaintiffs' TILA claim arises in part out of failure to make required disclosures at the time the

---

[2]  According to defendants, the mortgage was recorded on May 22, 2007.  (RJN Exs. 1, 2.)

3

1  loan was entered, which was on or around May, 2007.  (Compl. ¶ 5; RJN Exs. 1, 2.)  The

2  limitations period began to run at that time, King v. California, 784 F.2d 910, 914 (9th Cir.

3  1986), and would normally have expired in May, 2008.  According to defendants' representations

4  at hearing, the complaint was filed in state court on March 2, 2010.

5          Although TILA's limitations period for civil damages may be equitably tolled,

6  King, 784 F.2d at 915, and subject to equitable estoppel, Ayala v. World Sav. Bank, FSB, 616 F.

7  Supp. 2d 1007 (C.D. Cal. 2009), plaintiffs do not argue that either of these doctrines apply here.

8  Nor does the amended complaint allege facts showing the potential applicability of the equitable

9  tolling doctrine.  See Cervantes v. City of San Diego, 5 F.3d 1273, 1277 (9th Cir. 1993); Morales

10  v. City of Los Angeles, 214 F.3d 1151, 1153, 1155 (9th Cir. 2000).

11          In their opposition, plaintiffs make a cursory argument that equitable tolling

12  should apply because they discovered defendants' misrepresentations "within the year of filing

13  the original complaint."  Plaintiffs did not make such allegations in their amended complaint,

14  have failed to provide facts concerning equitable tolling, and failed to make such an argument at

15  hearing.  Therefore, plaintiffs' TILA claim is time barred.

16          Plaintiffs' claim for rescission has expired.  "An obligor's right of rescission shall

17  expire three years after the date of consummation of the transaction or upon the sale of the

18  property, whichever occurs first...." 15 U.S.C. § 1635(f); Nool v. HomeQ Servicing, 653 F.

19  Supp.2d 1047, 1051 (E. D. Cal. 2009).  Here, the property was sold at a trustee's sale and

20  recorded on April 7, 2010.  (RJN Exs. 6, 7.)

21          Moreover, rescission is not available under TILA because the transaction for

22  which plaintiffs seek rescission was a "residential mortgage transaction," within the meaning of §

23  1602(w) (security interest sought against plaintiff's dwelling for the purpose of acquiring it),[3] and

24  _____

25  [3] 15 U.S.C. § 1602(w) provides:  "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against

26  the consumer's dwelling to finance the acquisition or initial construction of such dwelling."

1   was therefore expressly exempt from TILA's disclosure and rescission rights pursuant to §

2   1635(e)(1) ("[t]his section does not apply to. . . a residential mortgage transaction as defined in

3   section 1602(w) of this title").  See also, 12 C.F.R. § 226.23 (f) (exempting residential mortgage

4   transactions from rescission rights).

5          III.  Federal Debt Collections Practices Act (15 U.S.C. § 1692)

6          Plaintiffs allege violations of the FDCPA by asserting that defendants "unlawfully

7   and wrongfully proceed[ed] with foreclosure and transfer of Plaintiffs Property when debt is

8   challenged." (Compl. at 8.)  Defendants move to dismiss this claim based on the inapplicability

9   of this act.

10         In 1977 Congress enacted the Fair Debt Collection Practices Act (FDCPA) in

11  response to national concern over "the use of abusive, deceptive and unfair debt collection

12  practices by many debt collectors."  15 U.S.C. § 1692(a).  The purpose of the FDCPA is "to

13  protect consumers from a host of unfair, harassing, and deceptive debt collection practices

14  without imposing unnecessary restrictions on ethical debt collectors."  S. Rep. No. 382, 95th

15  Cong., 1st Sess. 1-2, reprinted in 1977 U.S. Code Cong & Ad. News 1695, 1696.

16         The FDCPA defines debt as "any obligation or alleged obligation
           of a consumer to pay money arising out of a transaction in which
17         the money, property, insurance, or services which are the subject of
           the transaction are primarily for personal, family, or household
18         purposes ..." 15 U.S.C. § 1692a(5); see also Bloom v. I.C. Sys.
           Inc., 972 F.2d 1067, 1068-69 (9th Cir.1992) (explaining that the
19         FDCPA applies to debts incurred for personal rather than
           commercial reasons). The Act defines "consumer" as "any natural
20         person obligated ... to pay any debt." Id. § 1692a(3). The Act does
           not define "transaction," but the consensus judicial interpretation is
21         reflected in the Seventh Circuit's ruling that the statute is limited in
           its reach "to those obligations to pay arising from consensual
22         transactions, where parties negotiate or contract for
           consumer-related goods or services." Bass v. Stolper, Koritzinsky,
23         Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir.1997)
           (citing Shorts v. Palmer, 155 F.R.D. 172, 175-76 (S.D.Ohio 1994).
24
    Turner v. Cook, 362 F.3d 1219, 1227 (9th Cir. 2004).
25

26  Accord, 12 C.F.R. § 226.2(a)(24).

1    Under the FDCPA, a "debt collector" "means any person who uses any

2    instrumentality of interstate commerce or the mails in any business the principal purpose of

3    which is the collection of any debts, or who regularly collects or attempts to collect, directly or

4    indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.A. § 1692a(6).

5    Excepted is "any person collecting or attempting to collect any debt owed or due or asserted to be

6    owed or due another to the extent such activity ...(iii) concerns a debt which was not in default at

7    the time it was obtained by such person ...."  15 U.S.C.A. § 1692a(6)(F).

8    "[A] debt collector does not include the consumer's creditors, a mortgage

9    servicing company, or an assignee of a debt, as long as the debt was not in default at the time it

10   was assigned."  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), mod. on other

11   grounds, 761 F.2d 237 (5th Cir. 1985).  Foreclosure on a property based on a deed of trust does

12   not constitute collection of a debt within the meaning of the FDCPA.  Hulse v. Ocwen Federal

13   Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).

14   There is authority contrary to Hulse; see e.g., Wilson v. Draper & Goldberg, 443

15   F.3d 373, 376 (4th Cir. 2006).  In Wilson, the Fourth Circuit refused to follow Hulse reasoning

16   that a "debt" remained a "debt" even after foreclosure.  Id.  While that may be true in the

17   jurisdiction pertinent to the Wilson case, it is not true in California.  With exceptions not

18   applicable here, a lender/trustee may *not* seek a deficiency judgment when foreclosing on a

19   property in a non-judicial trustee foreclosure/sale.  Cal. Code Civ. P. §§ 580d, 726.  Thus, in

20   California, a debt derived from a residential loan transaction does not exist after a non-judicial

21   foreclosure.  The court therefore finds Hulse persuasive in its analysis when dealing with

22   California foreclosures.

23   Based on Hulse authority, plaintiffs' claim under the FDCPA must be dismissed

24   without leave to amend.

25   IV.  State Law Claims

26   As there are no federal claims remaining, this court declines to exercise

6

1  supplemental jurisdiction over plaintiffs' possible state law claims.  See 28 U.S.C. § 1367(c)(3)

2  (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the

3  district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v.

4  Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which

5  all federal-law claims are eliminated before trial, the balance of factors . . . will point toward

6  declining to exercise jurisdiction over the remaining state-law claims' "), quoting

7  Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

8         V.  Defendant Northwest Trustee Services, Inc.

9         The court will also recommend that the entire action be dismissed because the

10  arguments made on behalf of the moving defendants are equally applicable to the remaining

11  defendant, Northwest Trustee Services, Inc., which has not yet been served in this action.  See

12  Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir.1981) (court may enter sua sponte

13  dismissal as to defendants who have not moved to dismiss where such defendants are in a

14  position similar to that of moving defendants); see also Columbia Steel Fabricators, Inc. v.

15  Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir.1995) (sua sponte dismissal appropriate as to

16  defendants who have not been served).

17  CONCLUSION

18         Good cause appearing, IT IS RECOMMENDED that: defendants' motion to

19  dismiss, filed August 23, 2010, (docket # 5), be granted, this action be dismissed with prejudice

20  for lack of subject matter jurisdiction, and that the court decline to exercise jurisdiction over

21  plaintiff's state law claims.

22         These findings and recommendations are submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

24  fourteen (14) days after being served with these findings and recommendations, any party may

25  file written objections with the court and serve a copy on all parties.  Such a document should be

26  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the

1   objections shall be served and filed within fourteen (14) days after service of the objections.  The

2   parties are advised that failure to file objections within the specified time may waive the right to

3   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4   DATED: 10/08/10

                                          /s/ Gregory G. Hollows

5                                         _____

6                                         GREGORY G. HOLLOWS
                                          U. S. MAGISTRATE JUDGE

    GGH:076/Usher2202.mtd.wpd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26